CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 26 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALPHONSO LEROY DILLARD, | CASE NO. 7:14CV00405 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DR. QUINONES, ET AL., | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Defendant(s). | |

Alphonso Leroy Dillard, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Dillard alleges that after he notified the defendant jail doctor of his chronic knee pain, for which another doctor had prescribed pain medications and follow up care, the jail doctor recommended only over-the-counter pain medication for Dillard. The court finds that these allegations fail to state any claim actionable under § 1983 and summarily dismisses his complaint.

I

Dillard's submissions indicate the following sequence of events relevant to his claims. Dillard was treated for a severe knee injury on March 25, 2014, and was released with prescriptions and a follow up examination scheduled for April 22. On March 26, 2014, Dillard was incarcerated at the Middle River Regional Jail ("the jail"), where he is presently serving a 20-month sentence. During his intake medical interview, Dillard described his knee condition and the medications and follow up ordered by his outside doctor. On April 6, Dillard filed a request form asking why he had not yet received his prescriptions, and an official responded that he was on the list to see the doctor.

Dr. Quinones examined Dillard on April 8, 2014. The doctor allegedly said all he "was required to give [Dillard] was Motrin unless confirmed by an outside source." (ECF No. 3, at 16.) Dillard gave the doctor the phone numbers for his doctor and the medications prescribed, but no one from the jail contacted the outside doctor. In late April, Dillard asked about his scheduled follow up visit being cancelled. Officers told Dillard that he would have to file a request to see Dr. Quinones about the need for such an appointment.

Dillard wrote a grievance on June 28, stating that lack of "proper care and therapy" for his knee condition will make him "less mobile, reinjured, or crippled or all the above." (Id.) Again, a jail official responded by telling him to request an appointment with Dr. Quinones. Dillard's grievance appeal stated that because Dr. Quinones had not helped him in the past, he would not write any more requests to see the doctor and wanted to be transferred to a facility where he could receive proper care. The response was: "Send in request to see Dr. Quinones for medication changes." (ECF NO. 3, at 18.) Dillard did so on July 3, and the doctor examined him on July 15, but did not order any pain medications for him. When Dillard complained about his pain and lack of medication in a July 20 request form, the response noted that he could get Tylenol or Motrin from the commissary.

II

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under § 1983, a

2

plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Dillard challenges the course of medical treatment that the jail doctor has provided him. A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component is met if a prison official is "deliberately indifferent," that is, if he "knows of and disregards an excessive risk to inmate health or safety" and responds unreasonably to the risk. Farmer, 511 U.S. at 837. A claim concerning a mere disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, medical malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Dillard fails to allege facts to show that Dr. Quinones has ignored his medical needs. On the contrary, Dillard's own statements, in his complaint and on the administrative remedy forms submitted with his complaint, make it clear that when he has filed the proper form requesting to see the doctor, an appointment has been arranged. The doctor has prescribed Motrin for pain and has advised that Dillard could continue to purchase medication from the commissary. Dillard believes that Dr. Quinones should have seen him sooner and should have provided the treatment

3

prescribed by his outside doctors, including prescription pain medication and a follow up visit. Dillard's disagreement with the doctor's medical judgments, however, does not support a claim that Dr. Quinones has acted with deliberate indifference to Dillard's medical needs. This disagreement over the appropriate course of treatment amounts to an allegation that the doctor acted negligently in making treatment decisions, which does not state an Eighth Amendment claim against the doctor.[1] While the court is not unsympathetic to Dillard's concerns, the court must summarily dismiss the complaint, pursuant to § 1915A(b)(1), for failure to state any constitutional claim as necessary for him to proceed with this action under § 1983.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of September, 2014.

/s/ Glen Conrad
Chief United States District Judge

---

[1] The court declines to exercise supplemental jurisdiction over any related state law claims, pursuant to 28 U.S.C. § 1367(c), and dismisses such claims without prejudice.

4